## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| LAUREN MACARTHUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12-cr-00084-JAW |
| v. | ) | 1:17-cv-00383-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO STAY

On November 23, 2020, Lauren MacArthur filed a letter motion with this Court, requesting that the Court stay his habeas corpus petition under 18 U.S.C. § 2255 and withhold issuing an opinion on his petition until Mr. MacArthur gives notice that he has arrived at his new Federal Correctional Institution in Tucson, Arizona or until the United States Supreme Court rules on two pending petitions for writ of certiorari, one in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) and the other in *United States v. Lavalais*, 960 F.3d 180 (5th Cir. 2020). *Mot. to Stay* (ECF No. 186).

The Court denies Mr. MacArthur's motion to stay. Regarding his anticipated transfer from Florida to Arizona, in his letter motion, Mr. MacArthur says that he was told on October 27, 2020 that he was going to be transferred to Arizona and that he was transported to the airport to make the trip, only to be returned to USP Coleman in Florida. *Id.* at 1. Mr. MacArthur further writes that he has been told every week that he is going to be transferred but he was just informed that he is not on a bus list for three weeks. *Id.*

As to whether and when Mr. MacArthur's transfer to Arizona is going to take place, based on Mr. MacArthur's letter, the transfer may occur quickly, may occur in a while, or may not occur at all.  Mr. MacArthur filed a placeholder § 2255 petition on June 24, 2016, *Def.'s Mot. to Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 99), and, following the United States Supreme Court's denial of his petition for writ of certiorari, he filed his § 2255 motion on September 29, 2017.  *Def.'s Mot. to Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 112).  If the 2016 date counts, his habeas petition has been pending in this Court for more than four years and if the 2017 date is used, his petition has been pending for over three years.  The Court concludes that it is wiser to issue the decision, rather than wait subject to unknown events over which neither the Court nor Mr. MacArthur has control.  Based on the Bureau of Prisons' inmate finder, Mr. MacArthur remains at USP Coleman as of the date of this decision.  If it turns out that his transfer impedes his ability to respond to the Court's decision, Mr. MacArthur is free to bring this to the attention of the Court so long as he demonstrates that he is doing so on a timely basis.

As for the potential for the Supreme Court to grant a motion for writ of certiorari, the Court is not willing to wait for the Supreme Court.  A Fourth Circuit panel decided *Gary* on March 25, 2020, 954 F.3d 194, and on July 7, 2020, the Fourth Circuit denied rehearing and a petition for rehearing en banc.  963 F.3d 420 (4th Cir. 2020).  In *Gary*, the government filed a petition for writ of certiorari with the United States Supreme Court on October 5, 2020.  No. 20-444 (Oct. 5, 2020).  The Fifth Circuit decided *Lavalais*, 960 F.3d 180, on May 22, 2020 and Mr. Lavalais petitioned

for a writ of certiorari with the United States Supreme Court on August 20, 2020.
No. 20-5489 (Aug. 20, 2020).

Meanwhile, the law has not stood still. The Fourth Circuit itself may be having
second thoughts. After the Fourth Circuit panel decided *Gary*, the Government
moved for a rehearing en banc, which was denied, but in the denial, Judge Wilkinson
joined by four circuit judges filed a concurrence, explaining that he concurred "for one
reason and one reason only. The panel's holding is so incorrect and on an issue of
such importance that I think the Supreme Court should consider it promptly. Any
en banc proceedings would be only a detour." *United States v. Gary*, 963 F.3d 420,
420 (4th Cir. 2020). Since this denial, however, the Fourth Circuit may have decided
to take the detour.

In his filings, Mr. MacArthur cites a Fourth Circuit case, *United States v.
Medley*, 972 F.3d 399, 418 (4th Cir. 2020). In *Medley*, a case issued on August 21,
2020, the Fourth Circuit applied *Gary* to a guilty verdict after a jury trial, not a guilty
plea. *Id.* at 402-03. Judge Quattlebaum issued a strong dissent, setting forth the
rationale for affirming the conviction that other courts, including the First Circuit,
have articulated. *Id.* at 419-41. On November 22, 2020, a majority of the judges in
regular active service and not disqualified voted to grant a petition for rehearing en
banc. *Id.*, 2020 U.S. App. LEXIS 35628 (4th Cir. Nov. 12, 2020). The Fourth Circuit
tentatively calendared the case for oral argument during its January 26-29, 2021 oral
argument session. *Id.*

3

The Supreme Court necessarily deals with petitions for writ of certiorari in its own way and in its own time.  However, in light of the Fourth Circuit's decision to hold an en banc rehearing in *Medley*, the Supreme Court could well allow the Fourth Circuit to reconsider the rule announced in *Gary*, rather than doing for the Fourth Circuit what the Fourth Circuit can do for itself.  Furthermore, there is no deadline for the Supreme Court to rule on whether to accept the petitions for writ of certiorari, much less to reach the merits if accepted.  If the Supreme Court denies the petitions in *Gary* and *Lavalais*, Mr. MacArthur and this Court will be no further along than they are today, except that the resolution of his habeas petition will be delayed.

There is the possibility, however remote, that the Supreme Court will grant the petitions for writ of certiorari and will agree with the Fourth Circuit against every other circuit that has addressed the issue.  But while these petitions for writ of certiorari remain pending, the First Circuit opinions in *United States v. Lara*, 970 F.3d 68 (1st Cir. 2020) and *United States v. Burghardt*, 939 F.3d 397 (1st Cir. 2019) remain binding on this Court.

Furthermore, the Fourth Circuit's opinion in *Gary* is increasingly becoming an outlier.  At this point, four other circuit courts have directly addressed the issue and each sided with the Fifth Circuit in *Lavalais* in holding that *Rehaif* is not "one of the limited class of errors that entitle a defendant to relief without proof of prejudice." *See Grey v. United States*, No. 20-cv-474-PB, 2020 U.S. Dist. LEXIS 184052, at *4 (D.N.H. Oct. 5, 2020) (collecting cases).  Thus, of the six circuit courts that have squarely addressed the issue *Gary* stands alone.  *Lavalais*, 960 F.3d at 184; *United*

4

*States v. Watson*, 820 F. App'x 397 (6th Cir. 2020); *United States v. Maez*, 960 F.3d 949, 958 (7th Cir. 2020); *United States v. Coleman*, 961 F.3d 1024, 1029-30 (8th Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196, 1206 (10th Cir. 2020).  Moreover, like the First Circuit in *Burghardt*, 939 F.3d at 403-05, other circuit panels have rejected *Rehaif* claims under the prejudice prong of the plain-error test.  *United States v. Johnson*, No. 17-10252, 2020 U.S. App. LEXIS 33706, at *15-16 (9th Cir. Oct. 26, 2020); *United States v. Hobbs*, 953 F.3d 853, 856-58 (6th Cir. 2020); *United States v. McLellan*, 958 F.3d 1110, 1120 (11th Cir. 2020); *United States v. Williams*, 946 F.3d 968, 973-74 (7th Cir. 2020).  In short, in the Court's view, the possibility that the United States Supreme Court will accept this issue for review and will see it the way Mr. MacArthur does is too remote to justify the additional delay in deciding a habeas petition that has now been pending for years.

The Court DENIES Petitioner Lauren MacArthur's Motion to Stay (ECF No. 186).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2020