UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LAUREN MACARTHUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12-cr-00084-JAW |
| v. | ) | 1:17-cv-00383-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ON MOTION FOR RECONSIDERATION OF ORDER DENYING CERTIFICATE OF APPEALABILITY

A habeas petitioner who has filed a notice of appeal moves the Court to reconsider its denial of a certificate of appealability as to the petitioner's argument that an error pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019) is a structural error. The Court concludes that despite the previously filed notice of appeal, the Court has jurisdiction to decide the petitioner's timely motion for reconsideration. However, the Court denies the petitioner's motion to reconsider its order denying a certificate of appealability, as the petitioner failed to show that the Court made a manifest error of law or issued a clearly unjust ruling.

## I.   BACKGROUND[1]

---

[1]     The Court recounts the procedural background relevant to this order.  Readers seeking the full background of this case should reference the Court's December 3, 2020 order affirming the Magistrate Judge's decision on Mr. MacArthur's 28 U.S.C. § 2255 motion and the Magistrate Judge's recommended decision dated October 16, 2019 and supplementary decision dated April 2, 2020.  *See Order Affirming Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 188); *Order on Mot. to Amend and Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 146) (*Recommended Decision*); *Order on Mot. to Amend and Suppl. Recommended Decision on 28 U.S.C. Mot.* (ECF No. 164) (*Suppl. Recommended Decision*).

On December 3, 2020, the Court affirmed the Magistrate Judge's recommended decision, denying Lauren MacArthur's 28 U.S.C. § 2255 petition. *Order Affirming Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 188) (*Order Affirming*). Among other things, the Court concluded that under binding First Circuit precedent, Maine's burglary statute is consistent with generic burglary and therefore qualifies as an enumerated violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Id.* at 21-23. The Court also rejected Mr. MacArthur's argument that his guilty plea was involuntary and unintelligent in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Court noted that Mr. MacArthur had fifteen prior felony convictions and concluded that he had "not carried his burden of showing that it is reasonably probable that he would not have pleaded guilty had the Court told him that the Government was required to prove beyond a reasonable doubt that he knew when he possessed the gun that he had previously been convicted of a felony." *Id.* at 39. Finally, as relevant here, the Court denied a certificate of appealability (COA), concluding that Mr. MacArthur had "not made a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2)." *Id.* at 25.

On January 7, 2021, the Clerk of Court docketed Mr. MacArthur's notice of appeal as to the denial of his habeas petition under section 2255. *Notice of Appeal* (ECF No. 191). Four days later, the Clerk of Court docketed Mr. MacArthur's motion for reconsideration, in which he asks the Court to reconsider its denial of a COA as to a *Rehaif* error being a structural error by denying him "fair notice" and "real

notice." *Mot. for Reconsideration* (ECF No. 195) (*Pet'r's Mot.*).  On January 25, 2021, the Government responded in opposition.  *Gov't's Resp. to Pet'r's Mot. for Reconsideration re Certificate of Appealability* (ECF No. 197) (*Gov't's Resp.*).  On February 22, 2021, the Clerk of Court docketed Mr. MacArthur's reply to the Government's response.  *Reply to Mot. for Reconsideration* (ECF No. 204) (*Pet'r's Reply*).

## II.  POSITIONS OF THE PARTIES

### A.    Lauren MacArthur's Motion for Reconsideration

Mr. MacArthur asks the Court to "reconsider [its] denial of a COA as to a <u>Rehaif</u> error being a structural error by denying [him] 'fair notice' and 'real notice.'" *Pet'r's Mot.* at 2.  He does not ask the Court to reconsider its denial of a COA as to his claim that Maine burglary is not an enumerated ACCA predicate offense.  *Id.* at 1. He requests that the Court construe his motion as a "motion for reconsideration (Fed. R. Civ. P. 59(e) for a certificate of appealability."  *Id.*  He proceeds by dividing his motion into two parts: "fair notice" and "real notice."

Mr. MacArthur asserts that "[l]ack of fair notice is structural error" and claims that the denial of a COA "results in a manifested error of law."  *Id.* at 2-3.  He argues that *United States v. Lara*, 970 F.3d 68 (1st Cir. 2020), is not controlling because that case was on direct review, and thus the Court should not have used "a plain error case on direct review to deny a prejudice inquiry on collateral review."  *Id.*  Instead, he argues the Court should look to *United States v. Murphy*, 762 F.2d 1151 (1st Cir. 1985), in which he claims the First Circuit held "that a defendant hit all four prongs

on plain error because his indictment lacked 'fair notice.'" *Id.* at 4.  He contends *Murphy* is binding precedent and *Lara* does not overrule it, and that lack of fair notice is structural error.  *Id.* at 4-5.  Finally, he argues the Court's "denial of a COA results in a manifest error of law and a complete <u>denial</u> of justice" and asks the Court to grant a COA as to "whether a Rehaif error denies lack of 'fair notice' and if so is lack of 'fair notice' a structural error?"  *Id.* at 5 (emphasis in original).

Next, Mr. MacArthur argues that "[l]ack of 'real notice' is a structural error." *Id.* at 6.  He claims that "[a] defendant does not receive 'real notice' unless he is informed of all the elements to his charge."  *Id.*  He tries to distinguish *United States v. Burghardt*, 939 F.3d 397 (1st Cir. 2019), arguing that "<u>Burghardt</u> has nothing to do with [his] claim" because the defendant in that case "never argued that his guilty plea was constitutionally invalid."  *Id.*  Citing *Henderson v. Morgan*, 426 U.S. 637 (1976), he argues that "evidence is irrelevant" in a prejudice inquiry and contends "it doesn't matter one bit whether I actually knew I was a convicted felon.  What matters is that I am properly informed of the elements so I can understand the charge. Without an understanding, the record is incomplete."  *Id.* at 8.  He concludes by stating the Court's "denial of a COA results in a manifest error of law and a complete <u>denial</u> of justice" and asks the Court to grant a COA as to "whether <u>United States v. Burghardt</u> controls constitutional claims and if not is lack of 'real notice' structural error?"  *Id.* at 8-9 (emphasis in original).

**B.    The Government's Response**

In a brief two-page response, the Government argues that the Court should deny Mr. MacArthur's motion because "[j]urisdiction is now with the court of appeals and Rule 22 provides a mechanism for the defendant to obtain a certificate of appealability." *Gov't's Resp.* at 2.  The Government asserts that "[a]s a general rule with only limited exceptions, entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal." *Id.* at 1 (quoting *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir. 1987)).  The Government further states that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* at 1-2 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).  Even though the Court denied Mr. MacArthur a COA, the Government contends that he can still request the First Circuit to issue a COA pursuant to Federal Rule of Appellate Procedure 22.  *Id.* at 2.

In a footnote, the Government cites *United States v. Patrone*, 985 F.3d 81 (1st Cir. 2021), as an example of the First Circuit rejecting "an argument that a plea colloquy's omission of an element of an offense is structural error that automatically requires reversal on plain error review." *Id.* at 1 n.1.

**C.    Lauren MacArthur's Reply**

Mr. MacArthur replies to the Government in three parts.  First, he argues that "a notice of appeal does not strip the district court of jurisdiction when a timely Rule 59(e) motion is filed." *Pet'r's Reply* at 3.  He claims the Court "clearly has

5

jurisdiction" because "the filing of a [timely] Rule 59 motion to alter or amend a district court's [judgment] strips the appellate court of jurisdiction, whether the Rule 59 motion is filed before or **after notice of appeal**." *Id.* (citing *Stone v. INS*, 514 U.S. 386 (1995)) (emphasis in original).

He next argues that "Rule 59(e) motions are governed by the prisoner mailbox rule" and the Court should hold his motion timely. *Id.* at 4. He explains that under Rule 59(e), he had twenty-eight days after the entry of judgment to file a timely motion. *Id.* at 5. Because judgment was entered on December 3, 2020, he had until December 31, 2020 for his motion to be timely, but because he mailed the motion, three days were added, bringing the deadline to January 3, 2021. *Id.* Because January 3, 2021 was a Sunday, his motion was due to be docketed Monday, January 4, 2021. *Id.* He further states that "because of the China virus [he] was locked down and was not allowed to purchase stamps," and so he had to hand his mail to a correctional officer, who handed it to a prison counselor on a different floor to put postage on it, who delivered it to the mail room, who delivered it to the post office. *Id.* at 5-6. He contends that his certificate of service was dated December 18, 2020, but due to delay, his motion for reconsideration was not filed until January 11, 2021. *Id.* at 6. Moreover, he says he notified the Court in advance that if the Court denied his Section 2255 motion, he would likely file a Rule 59(e) motion. *Id.* at 6-7 (citing *Mot. to Stay* (ECF No. 186)).

Mr. MacArthur lastly turns to the merits, arguing that "a COA should be granted." *Id.* at 7. He contends that his Fifth and Sixth Amendment rights were

violated because he was not fully informed of the elements of his offense—namely that the Government had to prove that he knew he was a felon. *Id.* at 8. First, he cites caselaw for the proposition that "lack of fair notice is structural error." *Id.* at 9-11. In particular he cites *Silber v. United States*, 370 U.S. 717 (1962) and *United States v. Murphy*, 762 F.2d 1151 (1st Cir. 1985), which he says are binding on the Court, and restates his conclusion that the Court's "denial for a COA results in a manifested error of law and a complete denial of justice." *Id.* at 11-12.

Second, he cites *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and argues that "a COA should issue as lack of real notice is structural error." *Id.* at 12. He tries to distinguish *United States v. Patrone*, 985 F.3d 81 (1st Cir. 2021), claiming that "Patrone's argument is a **procedural** argument under Fed. R. Crim. P.(11)(b)(1)(G), while [his own] argument is **constitutional**, i.e. due process." *Id.* at 13 (internal citations omitted) (emphasis in original). He explains that his argument "is, was, and always has been an 'involuntary and unintelligent' guilty plea 'violating due process of law.' A constitutional issue. Not a procedural issue. And this Court cannot use evidence for a constitutional claim which is what this Court did." *Id.* at 14 (internal citations omitted). He asserts that the "Supreme Court has made clear that such a conviction cannot 'be saved even by **overwhelming evidence** that the defendant would have pleaded guilty regardless." *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 84 n.10 (2004)) (emphasis in original). He claims "[i]t does not matter whether [he] actually knew he was a convicted felon" because the Court should look at the requirement of due process objectively. *Id.* at 15 (citing *Henderson v.*

7

*Morgan*, 426 U.S. 637 (1976)).  "At the very least, this issue deserves encouragement to proceed further" and thus, the Court's "denial of a COA results in a manifested error of law and a complete denial of justice."  *Id.* at 16.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), a movant may file a motion to alter or amend a judgment no later than twenty-eight days after the entry of judgment.  FED. R. CIV. P. 59(e).  "Such motions are sometimes referred to in shorthand as 'motions for reconsideration.'"  *United States v. Poulin*, No. 1:08-cr-00050-JAW; No. 1:12-cv-00114-JAW, 2014 WL 1642269, at *2 (D. Me. Apr. 24, 2014).

"[I]t is very difficult to prevail on a Rule 59(e) motion."  *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005).  "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  *United States v. Allen,* 573 F.3d 42, 53 (1st Cir. 2009).  "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate 'old arguments previously considered and rejected.'"  *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (internal citations omitted).  A district court has discretion whether to grant or deny a motion for reconsideration.  *Id.* at 930 (applying "the deferential abuse of discretion standard" to an appeal of a Rule 59(e) motion for reconsideration).

## IV.   DISCUSSION

Mr. MacArthur's motion for reconsideration presents three issues: (1) whether this Court has jurisdiction to consider his motion; (2) whether his motion was timely filed; and (3) whether the Court's denial of a certificate of appealability was based on a manifest error of law.

### A.   Jurisdiction

Before the Court may turn to the merits of Mr. MacArthur's motion, it must determine whether it has jurisdiction. The Court denied Mr. MacArthur's § 2255 petition on December 3, 2020 and on January 7, 2021, the Clerk of Court docketed Mr. MacArthur's notice of appeal. Four days later on January 11, 2021, the Clerk of Court docketed his motion for reconsideration. The question is whether Mr. MacArthur's prior notice of appeal to the First Circuit divests jurisdiction from this Court.

The Government argues that the Court should deny Mr. MacArthur's motion because "[j]urisdiction is now with the court of appeals and [Federal Rule of Appellate Procedure] 22 provides a mechanism for the defendant to obtain a certificate of appealability." *Gov't Resp.* at 2. Mr. MacArthur calls the Government's argument "preposterous" and contends that the notice of appeal does not strip this Court of jurisdiction. *Pet'r's Reply* at 7, 17.

The Government is correct that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  In that same case, however, the United States Supreme Court explained the significance of a 1979 amendment to Federal Rule of Appellate Procedure 4(a)(4).  The *Griggs* Court stated that "[u]nder pre-1979 procedures, a district court lacked jurisdiction to entertain a motion to vacate, alter, or amend a judgment after a notice of appeal was filed."  *Id.* However, "[i]n 1979, the Rules were amended to clarify both the litigants' timetable and the courts' respective jurisdictions."  *Id.* at 59.  The *Griggs* Court explained that "in order to prevent unnecessary appellate review," the new Rule 4(a)(4) gave the district court "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed."  *Id.*  The "effect of a Rule 59 motion on a previously filed notice of appeal" is that the appeal "simply self-destructs."  *Id.* at 60-61.[2]  *See also Stone v. INS*, 514 U.S. 386, 402-03 (1995) ("The majority of post-trial motions, such as Rule 59, render the underlying judgment nonfinal both when filed before an appeal is taken (thus tolling the time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction)").

Federal Rule of Appellate Procedure 4(a)(4) states in relevant part that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but

---

[2]     The *Griggs* Court went on to hold that because a premature notice of appeal "shall have no effect," a "new notice of appeal 'must be filed.'"  *Griggs*, 459 U.S. at 61.  This holding is no longer good law after the 1993 Amendment to Federal Rule of Appellate Procedure 4(a)(4).  *See Advisory Committee's Notes on 1993 Amendment to Fed. R. App. P. 4 Paragraph (a)(4)* ("The amendment provides that a notice of appeal filed before the disposition of a specified posttrial motion will become effective upon disposition of the motion.  A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals").

10

before it disposes of [a motion to alter or amend the judgment under Rule 59]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." FED. R. APP. P. 4(a)(4)(B)(i).

Even though Mr. MacArthur filed his notice of appeal after the Court docketed judgment on his § 2255 petition but before he filed his motion for reconsideration, his motion for reconsideration was timely. Pursuant to Federal Rule of Appellate Procedure 4(a)(4), the notice of appeal has not become effective and will only become effective after this Order is entered. Because the notice of appeal is not yet effective, this Court is not divested of jurisdiction and may consider Mr. MacArthur's motion for reconsideration. *See Poulin*, 2014 WL 1642269, at *4 ("The net effect of [Rule 4(a)(4)] is to delay the effective date of the Notice of Appeal until after the Court has ruled on the present Motion for Reconsideration. Therefore, the Court has not been divested of jurisdiction, and the Notice of Appeal will be effective the date of this order").

## B. Timeliness

The Court next considers whether Mr. MacArthur's motion is timely. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). This deadline is "mandatory" and "it is well established that the district court has no power or discretion to modify it." *Vargas v. Gonzalez*, 975 F.2d 916, 917 (1st Cir. 1992); *see Fisher v. Kadant, Inc.*, 589 F.3d 505, 511 (1st Cir. 2009) ("An untimely motion under Rule 59(e) is a nullity");

*Barry v. Town of Rollinsford*, 106 F. App'x 738, 739 (1st Cir. 2004) ("A district court is without jurisdiction to grant an untimely Rule 59(e) motion") (citing *Browder v. Director, Dep't of Corrs.*, 434 U.S. 257, 663 n.7 (1978)).

Mr. MacArthur had until December 31, 2020—twenty-eight days after the Court's December 3, 2020 order denying his § 2255 petition—to file a Rule 59(e) motion. However, three days are added because he served his motion by mail, bringing the deadline to January 3, 2021. FED. R. CIV. P. 6(d). Because January 3, 2021 was a Sunday, Mr. MacArthur was required to file his motion by Monday, January 4, 2021. FED R. CIV. P. 6(a)(1)(C).

A brief glance at the docket would suggest that Mr. MacArthur's motion for reconsideration is untimely. He had until January 4, 2021 to file his motion and the Clerk of Court docketed the motion on January 11, 2021. Despite the apparent tardiness, Mr. MacArthur contends "this Court should hold that the prisoner mailbox rule applies to Rule 59(e) motions and that [his] motion is timely." *Pet'r's Reply* at 7.

In *Morales-Rivera v. United States*, 184 F.3d 109 (1st Cir. 1999), the First Circuit held that "*a pro se* prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail." 184 F.3d at 109. The First Circuit reasoned that "[u]nlike represented prisoners or non-incarcerated convicts, *pro se* prisoners have no choice but to rely for filing upon prison and postal authorities over whom they exercise no control. They cannot ensure that their motions will be received by the clerk on time

no matter how diligently or far in advance they act." *Id.* at 110. The Court explained that "[t]he mailbox rule helps ensure equal access to the courts and functionally equivalent time-bars for *pro se* prisoners." *Id.* The prison mailbox rule also applies to appeals. *See* FED. R. APP. P. 4(c).

The Court concludes that in the circumstances of this case, application of the prison mailbox rule is appropriate. Although the present motion is not a § 2255 petition, it is a motion to reconsider the Court's order denying Mr. MacArthur's § 2255 petition, and other courts have applied the prison mailbox rule to motions for reconsideration. *See Meeks v. Mich. Dep't of Corrs.*, No. 2:19-CV-12506, 2020 WL 6161263, at *1 (E.D. Mich. Oct. 21, 2020) (applying the prison mailbox rule to plaintiff's motion for reconsideration); *Hill v. Miller*, No. 13-cv-01207-LTB, 2014 WL 103433, at *1 (D. Colo. Jan. 10, 2014) (same); *Bradley v. Rell*, No. 1:07-CV-148 (DNH/RFT), 2008 WL 921024, at *1 n.2 (N.D.N.Y. Apr. 2, 2008) (same).

*Morales-Rivera* supports application of the prison mailbox rule. Mr. MacArthur is a pro se prisoner and thus has no control over how or when his motion to reconsider his habeas petition is filed after he hands it over to prison officials. This is especially true in light of the COVID-19 pandemic, which has infiltrated BOP facilities and has made basic tasks such as mailing a letter more difficult. Furthermore, Mr. MacArthur has been diligent and notified the Court well in advance that he planned to file a motion for reconsideration and that due to an impending move to another prison he was in quarantine and did not have access to stamps. *See Mot. to Stay* (ECF No. 186). Mr. MacArthur signed and dated "under

the penalty of perjury" a certificate of service at the end of his motion for reconsideration, listing the date as December 18, 2020—well before the January 4, 2021 deadline. *Pet'r's Mot.* at 11. The Court concludes this is sufficient for purposes of the prison mailbox rule. *See United States v. Murdock*, No. 2:11-CR-08-DBH; No. 2:14-CV-205-DBH, 2015 U.S Dist. LEXIS 59570, at *10-11 (D. Me. May 6, 2015), *aff'd*, 2015 U.S. Dist. LEXIS 78194 (D. Me. June 17, 2015) (concluding that the petitioner made a prima facie showing of compliance with the prison mailbox rule because he "completed the standard form declaration at the end of the motion with the date . . ., the signature of a prison official, and his own signature" and contained "all the necessary elements, including the statement that Petitioner signed 'under penalty of perjury'"). The Government has not objected to the motion's timeliness. Applying the prison mailbox rule and accepting December 18, 2020 as the filing date, the Court concludes Mr. MacArthur's motion is timely and considers its merits.

### C.  Denial of Certificate of Appealability

#### 1.  Legal Standard

"A COA will issue only if the requirements of § 2253 have been satisfied." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. The United States Supreme Court has explained that a COA should issue if the petitioner

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

### 2. Analysis

Mr. MacArthur has an onerous burden. He asks the Court to reconsider its denial of a COA as to his *Rehaif* claims—legal issues the Magistrate Judge and this Court have exhaustively discussed. *Suppl. Recommended Decision* at 1-24; *Order Affirming* at 1-41. He does not claim newly discovered evidence or an intervening change in the law, so he must demonstrate that the Court's original decision to deny a COA was based on a manifest error of law or was clearly unjust. In other words, he needs to show the Court made a manifest error of law in concluding that he did not make a substantial showing of the denial of a constitutional right. Although the Court is impressed by Mr. MacArthur's effort, the Court concludes he does not meet this burden.

In its order denying Mr. MacArthur's § 2255 petition, the Court agreed that Mr. MacArthur was never informed of the "knowing" element of his § 922(g)(1) offense but concluded this error did not require a reversal of conviction. The Court looked to the record and reasoned that Mr. MacArthur "would have to explain how it could possibly be that having previously served extended periods in jail for multiple offenses, including firearms possession, he did not know . . . that he was not allowed to possess a firearm." *Order Affirming* at 33. The Court concluded that

15

Mr. MacArthur had "not carried his burden of showing that it is reasonably probable that he would not have pleaded guilty had the Court told him that the Government was required to prove beyond a reasonable doubt that he knew when he possessed the gun that he had previously been convicted of a felony . . .." *Id.* at 39.

Mr. MacArthur's argument is that pursuant to *Rehaif*, he was not properly informed of all the elements of the felon in possession of a firearm offense, 18 U.S.C. § 922(g)(1)—namely, that the Government had to prove beyond a reasonable doubt that he knew he was a felon when he possessed the firearm—and this error amounted to lack of fair notice and real notice. Mr. Macarthur believes that the lack of fair and real notice is a violation of his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution and constitutes structural error.

This same argument persuaded the Fourth Circuit in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). In *Gary*, the government argued that the failure to inform the defendant of the additional "knowing" element of his § 922(g)(1) offense did not affect his substantial rights because he did not demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty. 954 F.3d at 202. The defendant argued that his guilty plea was "constitutionally invalid" because the court misinformed him regarding the elements of his offense, and a constitutionally invalid plea is a structural error. *Id.* On this point, however, the *Gary* Court sided with the defendant, holding that while a Rule 11 error usually requires a reasonable probability that but for the error the defendant would not have entered the plea, "the Supreme Court has recognized that a conviction based on a constitutionally invalid

guilty plea cannot be saved 'even by overwhelming evidence that the defendant would have pleaded guilty regardless.'" *Id.* at 203 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 84 n.10 (2004)). The *Gary* Court concluded that the "constitutional error is structural and affects [the defendant's] substantial rights," and vacated the defendant's plea and convictions. *Id.* at 207-08.[3]

To the extent Mr. MacArthur is reasserting the same arguments he raised in his § 2255 petition, the Court reminds him that "a Rule 59(e) motion is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press his unsuccessful arguments a second time in the hope that, by repetition, the court will see them his way." *Widi v. McNeil*, No. 2:12-cv-00188-JAW, 2014 WL 640286, at *1, 2014 U.S. Dist. LEXIS 19778, at *3-4 (D. Me. Feb. 18, 2014). Furthermore, since *Gary* was decided, caselaw from the Fourth Circuit, as well as binding First Circuit precedent, supports this Court's original decision.

Even within the Fourth Circuit, district courts have distinguished *Gary* as a case on direct review and these courts have required a showing of prejudice for cases—like Mr. MacArthur's—on collateral review. *See Cherry v. United States*, No.

---

[3]     In its order denying Mr. MacArthur's motion to stay, this Court noted the "increasingly outlier status of *Gary*." *Order Denying Mot. to Stay* at 4 (ECF No. 187). In that order, the Court stated, "the possibility that the United States Supreme Court will accept this issue for review and will see it the way Mr. MacArthur does is too remote to justify the additional delay in deciding a habeas petition that has now been pending for years." *Id.* at 5. The United States Supreme Court has since granted a writ of certiorari in *Gary*. *United States v. Gary*, No. 20-444, 2021 WL 77245 (Mem) (Jan. 8, 2021). This Court declines to speculate on how the Supreme Court will decide, but the granting of a writ of certiorari is not enough to persuade the Court that it made a manifest error of law in denying a COA, especially in light of the strength of the First Circuit's repeated rejection of arguments identical to the ones Mr. MacArthur is pressing. Moreover, the First Circuit maintained its analysis even after the Supreme Court's January 8, 2021 grant in *Gary*. The First Circuit decided *United States v. Patrone*, 985 F.3d 81 (1st Cir. 2021) and *United States v. Farmer*, No. 19-1603, 2021 WL 567419 (1st Cir. Feb. 16, 2021), on January 14, 2021 and February 16, 2021, respectively.

2:20cv298, 2020 WL 6480921, at *2, 2 n.2 (E.D. Va. Nov. 4, 2020) (holding "*Gary* does not obviate the need to show cause for a procedural default" and rejecting petitioner's § 2255 *Rehaif* claim because "the record demonstrates that the Government would have easily proved that the Petitioner knew of his status as a convicted felon had the Petitioner proceeded to trial" and therefore "there is little to no possibility that any *Rehaif* error affected the Petitioner's decision to plead guilty"); *see also United States v. Moore*, No. 4:12CR00030, 2021 WL 302745, at *3 (W.D. Va. Jan. 29, 2021) ("*Gary* involved a direct appeal rather than a collateral review and in accord with other district judges in this circuit, I find that it is inapplicable").

Since the Court issued its December 3, 2020 order, the First Circuit has explicitly rejected *Gary* and clarified its *Rehaif* analysis. In *United States v. Patrone*, 985 F.3d 81 (1st Cir. 2021), the defendant was convicted of violating 18 U.S.C. § 922(g)(5). 985 F.3d at 84. On appeal, he asked the First Circuit to "vacate his conviction on the firearm count because the government did not charge him with, and he did not plead guilty to, knowing the facts that made him a person prohibited from possessing a firearm, as *Rehaif* now requires." *Id.* Like Mr. MacArthur, the defendant argued that the error is structural and the third prong of a plain error review analysis is "always satisfied when the discussion of an offense during a plea colloquy omits an element of the offense, regardless of whether the omission actually played any role in the defendant's decision to plead." *Id.* at 85. The *Patrone* Court acknowledged that the Fourth Circuit recently adopted such a standard in *Gary* but noted "[w]e have already crossed this bridge, but in the opposite direction" and "we

18

[do not] see good reason to reverse our path." *Id.*  The *Patrone* Court restated its prior holding that "a defendant who asserts an unpreserved claim of *Rehaif* error must demonstrate prejudice in the form of 'a reasonable probability that, but for this purported error, he would not have pled guilty.'"  *Id.* (citing *United States v. Burghardt*, 939 F.3d 397, 403 (1st Cir. 2019)).  The Court affirmed the defendant's conviction, concluding that he "fail[ed] to establish a reasonable probability that he would not have pled guilty had he been advised as *Rehaif* requires."  *Id.* at 83, 88.

Just recently in *United States v. Farmer*, No. 19-1603, 2021 WL 567419 (1st Cir. Feb. 16, 2021), the First Circuit rejected a defendant's *Rehaif*-based challenge to his conviction under 18 U.S.C. § 922(g)(1).  2021 WL 567419, at *3.  Citing *Patrone*, the *Farmer* Court once again squarely rejected the argument that *Rehaif* error is structural error and considered whether the defendant "demonstrated a reasonable probability that he would not have pled guilty had he been informed in accordance with *Rehaif*."  *Id.* (internal citations omitted).  In answering this question, the First Circuit considered "the extent to which being advised in accordance with *Rehaif* would have changed the principal risk/benefit calculation inherent in the decision to plead guilty."  *Id.* at *4.  The *Farmer* Court concluded that "[b]ecause [the defendant] actually served three years in prison on his robbery conviction, he could not have plausibly thought that *Rehaif* in any way increased his chances of an acquittal, and he would have risked losing an acceptance of responsibility sentencing reduction by not pleading," and therefore he "failed to carry his burden of showing it is reasonably probable that he would not have pled guilty to the illegal possession charge under

section 922(g)(1) had the district court told him the government was required to prove beyond a reasonable doubt the scienter-of-status element." *Id.*

These cases doom Mr. MacArthur's motion for reconsideration.[4] He attempts to distinguish *Patrone* by claiming that case dealt with a procedural argument, while his argument is constitutional. The Court is not persuaded. The First Circuit has repeatedly explained the standard for evaluating a *Rehaif*-based challenge and explicitly rejected Mr. MacArthur's structural error argument, instead requiring claimants to show that prejudice resulted from the alleged *Rehaif* error. Given clear First Circuit precedent, the Court concludes that Mr. MacArthur has not shown the Court made a manifest error of law or issued a clearly unjust ruling in denying him a COA on his *Rehaif* claims.

## V.   CONCLUSION

The Court DENIES Lauren MacArthur's Motion for Reconsideration (ECF No. 195).

---

[4]      In *Patrone* and *Farmer*, the First Circuit rejected the same argument Mr. MacArthur is now making in circumstances less egregious than his. In *Patrone*, the defendant did not have a prior criminal record and the firearms charge was based on his presence as an alien in the United States, which was combined with a companion drug trafficking offense. 985 F.3d at 83-84. In *Farmer,* the defendant had been previously convicted of an armed robbery and a conspiracy to commit armed robbery under New Hampshire law, had been sentenced to three to six years in state prison for the armed robbery, and had served over three years in custody. 2021 WL 567419, at *1.
        Here, as the Court noted in its December 3, 2020 order, Mr. MacArthur was "many times over a felon, including two prior felon in possession of firearms convictions, and was prohibited from possessing a firearm before January 20, 2012, when he possessed a Colt Model SPI .223 caliber rifle and an American Arms Model AKY39 7.62x39 millimeter rifle." *Order Affirming* at 32-33. "The evidence would include his having been sentenced to seven years in state prison on February 17, 2005, including the two felon in possession convictions for which he served concurrent five year state sentences." *Id.* at 33. If Mr. Patrone and Mr. Farmer with their less extensive criminal records could not convince the First Circuit, the conclusion is compelled that Mr. MacArthur's argument would be similarly unsuccessful.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2021