UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00084-JAW |
| | ) | |
| LAUREN MACARTHUR | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO TOLL SENTENCE**

A defendant serving a 216-month sentence for possession of firearms by a felon and possession of stolen firearms moves for the Court to temporarily toll his federal sentence so that he may serve the nine remaining days on his state sentence and then return to federal custody to serve the remainder of his federal sentence.  The Court denies the defendant's motion because the Court does not have the authority to modify the defendant's sentence as requested.

**I.  BACKGROUND**

On March 12, 2014, the Court sentenced Lauren MacArthur to 216 months imprisonment for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and 120 months for possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), to be served concurrently.  *J.* at 1-2 (ECF No. 78).  The Court imposed five years of supervised release on the first count and three years of supervised release on the second, also to be served concurrently.  *Id.*  Upon his release from federal incarceration, Mr. MacArthur is set to serve nine days on a ten-day sentence in *State v. MacArthur*, No. AUGCD-CR-2011-01936.

On December 27, 2021, the Clerk of Court received a motion from Mr. MacArthur, dated December 19, 2021, requesting that the Court toll his federal sentence. *Mot. to Modify Sentence* (ECF No. 208) (*Def.'s Mot.*). On January 19, 2022, the Government responded in opposition to Mr. MacArthur's request. *Gov't's Resp. to Def.'s Mot. to Toll Sentence* (ECF No. 210) (*Gov't's Opp'n*).

## II.     THE PARTIES' POSITIONS

### A.     Lauren MacArthur's Motion

Mr. MacArthur requests that the Court toll his federal sentence, allow him to serve his pending state sentence, and then reinstate his federal sentence. *Def.'s Mot.* at 1. He says that he has nine more days to serve on a ten-day state sentence. *Id.* Mr. MacArthur contends that if he is required to serve the entirety of his federal sentence, and is then transferred to the state of Maine to serve the remainder of his state sentence, he will be released from state custody without the option of first going to a halfway house. *Id.* He also submits that if he is transferred to state custody after the completion of his federal sentence, he will lose credits earned pursuant to the First Step Act. *Id.*

### B.     The Government's Objection

The Government objects to Mr. MacArthur's request and asserts that "the law constrains a sentencing court's authority to reduce or modify a sentence and the grounds upon which it may do so." *Gov't's Opp'n* at 2. It submits that, under the applicable case law, none of the eight circumstances where the Court may modify Mr. MacArthur's sentence applies in this case. *Id.* at 2.

### III.    LEGAL STANDARD

As this Court has previously noted, "after sentence is imposed, the law severely constrains the ability of the sentencing court to amend a sentence and the grounds upon which it may do so." *United States v. Sirois*, No. 1:11-cr-206-JAW, 2018 U.S. Dist. LEXIS 129785, at *3 (D. Me. Aug. 2, 2018); *see also United States v. Buli*, No. 2:16-cr-00174-JDL-2, 2019 U.S. Dist. LEXIS 184749, at *2 (D. Me. Oct. 25, 2019), *adopted by* 2019 U.S. Dist. LEXIS 211760 (D. Me. Dec. 9, 2019) ("Congressional enactments have deprived the district courts of their common-law authority to modify sentences at a defendant's behest" (quoting *United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 38 (1st Cir. 2015))). "Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *Buli*, 2019 U.S. Dist. LEXIS 184749, at *2 (citing *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008)).

A court may reduce or modify a defendant's sentence only as expressly authorized in the following eight circumstances. First, if the Director of the Bureau of Prisons (BOP), or the defendant (after fully exhausting all administrative rights to appeal the BOP's failure to file a motion on their behalf) moves for a reduction in imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Second, if "the defendant is at least 70 years of age, has served at least 30 years in prison" and the Director has determined "that the defendant is not a danger to the safety of any other person or the community." *Id.* § 3582(c)(1)(A)(ii). Third, if an "arithmetical, technical, or other clear error" is discovered "[w]ithin 14 days after sentencing." FED. R. CRIM. P. 35(a); § 3582(c)(1)(B). Fourth, if within one

year of sentencing the Government files a motion to reduce the defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(b) demonstrating a defendant's substantial assistance. FED. R. CRIM. P. 35(b)(2). Fifth, if the defendant was originally sentenced to a term of imprisonment that has "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." § 3582(c)(2). Sixth, if the sentence was appealed and modified by the appellate court. § 3582(b)(3). Seventh, if the defendant files a habeas corpus petition pursuant to 28 U.S.C. § 2255. Eighth, if the defendant challenges the execution of the sentence pursuant to 28 U.S.C. § 2241. *See United States v. Larsen*, No. 1:05-cr-00062-JAW, 2013 U.S. Dist. LEXIS 15849, at *5-6 (D. Me. Feb. 6, 2013).

## IV.   DISCUSSION

Here, the Court cannot do what Mr. MacArthur asks it to do. Mr. MacArthur asks that the Court toll his federal sentence so that he may serve the remaining nine days on his state sentence, and then reinstate his federal sentence. What Mr. MacArthur requests amounts to an amendment to his sentence, which, as the Court has explained, its ability to grant is highly constrained. For the Court to modify his sentence as requested, Mr. MacArthur must fall within one of the eight categories just enumerated. However, he has not alleged facts to invoke any of these exceptions and no law to support his requested relief.

First, § 3582(c)(1)(A)(i) does not apply because neither the Director nor Mr. MacArthur has alleged "extraordinary and compelling reasons" for modification, nor has Mr. MacArthur demonstrated that he has fully exhausted all administrative remedies. Even if Mr. MacArthur had exhausted his administrative remedies, his

4

concern regarding halfway house placement, or potentially losing his First Step Act credits, does not rise to the level of extraordinary or compelling. Second, § 3582(c)(1)(A)(ii) does not apply because Mr. MacArthur is not at least seventy years old, nor has he spent at least thirty years in prison. Third, Rule 35(a) does not apply because the Court sentenced Mr. MacArthur in 2014 and thus more than fourteen days have passed since the imposition of sentence. Fourth, Rule 35(b)(2) does not apply because the Government has not moved for Mr. MacArthur's reduction in sentence under Rule 35 of the Federal Rules of Criminal Procedure as a result of any substantial assistance. Fifth, § 3582(c)(2) does not apply because the sentencing commission has not lowered the sentencing range pursuant to 28 U.S.C. § 994(o) for the crimes for which Mr. MacArthur is incarcerated. Sixth, § 3582(b)(3) does not apply because Mr. MacArthur already appealed his sentence, which was affirmed by the First Circuit Court of Appeals. *See United States v. MacArthur*, 805 F.3d 385, 391 (1st Cir. 2015). Seventh, 28 U.S.C. § 2255 does not apply because Mr. MacArthur has not filed this motion pursuant to a request for habeas corpus relief under 28 U.S.C. § 2255. Furthermore, Mr. MacArthur previously filed a habeas petition on September 29, 2017, *Def.'s Mot. to Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 112), and on December 3, 2020, the Court affirmed the Magistrate Judge's recommendation to deny Mr. MacArthur's 28 U.S.C. § 2255 petition. *Order Affirming Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 188). Mr. MacArthur appealed the Court's denial on January 7, 2021. *Notice of Appeal* (ECF No. 191). As of the date of this order, Mr. MacArthur's appeal remains pending before the First

Circuit Court of Appeals. Finally, 28 U.S.C. § 2241 does not apply because Mr. MacArthur has not brought a claim pursuant to 28 U.S.C. § 2241.

As this Court previously stated, "once a defendant has been sentenced and any appeal has been exhausted, except for the exceptions previously discussed, the authority to release an incarcerated defendant rests with the Bureau of Prisons." *Larsen*, 2013 U.S. Dist. LEXIS 15849, at *7 (citing 18 U.S.C. §§ 3621 *et seq.*). "If Mr. [MacArthur] wishes to secure . . . temporary release under those statutory provisions, [so that he may serve his state sentence before the conclusion of his federal sentence] he must apply to the Bureau of Prisons, not this Court." *Id.* (citing *United States v. Counts*, No. 4:09-cr-052-01, 2011 U.S. Dist. LEXIS 102061, at *2 (D.N.D. Sept. 9, 2011); *United States v. Grass*, 561 F. Supp. 2d 535, 536-37 (E.D. Pa. 2008)).

## V.   CONCLUSION

The Court DENIES Lauren MacArthur's Motion to Modify Sentence (ECF No. 208).

SO ORDERED.

                                      /s/ John A. Woodcock, Jr.
                                      JOHN A. WOODCOCK, JR.
                                      UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2022